UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEYNO DANZELL WILLIAMS,       )
                              )
            Movant,           )
                              )
      vs.                     )     No. 4:05CV56-DJS
                              )
UNITED STATES OF AMERICA,     )
                              )
            Respondent.       )

### MEMORANDUM OPINION

On June 28, 2002, movant Keyno Danzell Williams pled guilty before this Court in Cause No. 4:02CR83-DJS to the charge of being a felon in possession of a firearm in violation of 18 U.S.C. §922(g). Defendant is currently serving the imprisonment term of 100 months imposed on January 23, 2004. Now before the Court is Williams' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255.

In support of his motion, movant first argues that he received ineffective assistance of counsel for his attorney's failure to object during sentencing or raise on appeal the argument that the government failed to meet the standards of Apprendi v. New Jersey, 530 U.S. 466 (2000), or Blakely v. Washington, 124 S.Ct. 2531 (2004), with respect to the four-level sentencing enhancement based on possession of the firearm in connection with another felony offense. The Court is not persuaded that ineffective

assistance is shown. To prevail on a claim of ineffective assistance of counsel, petitioner must show that his counsel's performance was deficient as a matter of constitutional law and that petitioner was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). A constitutionally deficient performance is one that falls "outside the wide range of professionally competent assistance." Id. at 690.

Blakely was decided in June 2004. Movant's sentencing after remand occurred six months earlier in January 2004. Courts have consistently held that an attorney's failure to anticipate holdings such as Apprendi and Blakely does not constitute deficient performance under the Strickland standard. Brown v. United States, 311 F.3d 875, 878 (8th Cir. 2002), *and cases cited therein;* United States v. Johnston, 105 Fed.Appx. 878, 880 (8th Cir. 2004). Similarly, counsel's failure to make arguments anticipating the future reach and significance of such cases is likewise not deficient. "Under the Constitution, a defendant is only guaranteed adequate, not exceptional counsel." Brown, 311 F.3d at 877. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690.

Movant's original sentencing took place in September 2002, and his appeal in the 13 months following. In Apprendi, the Supreme Court ruled that when the government wishes to seek penalties in excess of those statutorily provided based on the elements of an offense alone, the government must charge the facts supporting the increased penalties in the indictment and prove the facts beyond a reasonable doubt. See United States v. Aquayo-Delgado, 220 F.3d 926, 933 (8th Cir. 2000). At the times of movant's sentencings and appeal, movant's counsel cannot be said to have rendered deficient performance for failure to contend that Apprendi should apply beyond its context of statutory sentencing enhancements to include enhancements (such as movant's) under the Sentencing Guidelines. Movant's first ground for relief is therefore rejected.

Movant's second ground for relief is that he received ineffective assistance of counsel based on his attorney's failure to inform movant of his right to appeal and counsel's obligation to file a notice of appeal on his behalf. Any claim that movant was unaware of his right to appeal and the time limits applicable to the right is unavailing, in view of the fact that movant took a successful direct appeal after his initial sentencing and in view of the Court's standard sentencing practice, followed in movant's case on January 23, 2004, of advising the defendant of his right to appeal, of the 10-day filing limit, and of the availability of the

Clerk's preparation and filing of a notice of appeal on his behalf if requested.

The rejection of this claim is further bolstered by the affidavit of defense counsel submitted by the government in opposition to the §2255 motion. Counsel attests that, following the resentencing in January 2004, she and movant engaged in numerous discussions on the subject of taking an appeal, and movant ultimately informed counsel that he did not want to file an appeal. Affidavit [Doc. #3.1]. Movant has filed no reply to the government's response presenting this affidavit, and has therefore failed to dispute it.

For all the foregoing reasons, and upon careful consideration of the record, including as necessary the underlying criminal file, the Court is convinced that the file and record of the case conclusively show that movant is not entitled to relief on any basis argued in support of his §2255 motion. Accordingly, no evidentiary hearing will be had, and the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 will be denied by a judgment entered separately herein this day.

Dated this ___30th___ day of September, 2005.

                                      /s/Donald J. Stohr
                                      UNITED STATES DISTRICT JUDGE